UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL PAUL MATUSZCZAK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:16-cv-00183 |
| MIRAMED REVENUE GROUP, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, MICHAEL PAUL MATUSZCZAK ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of MIRAMED REVENUE GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

1

**PARTIES**

4. Plaintiff is a 53 year old natural person residing at 4315 Colfax Street, Gary, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of physical issues including a bad back and carpal tunnel syndrome in both hands. Due to his various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7. Defendant, "an affiliate of MiraMed Global Services, Inc., is an all-encompassing resource for healthcare financial services. We are an experienced and successful healthcare collection agency providing primary and secondary bad debt collection services. Our ability to maximize recoveries is without equal in the industry."[1] From its headquarters at 991 Oak Creek Drive, Lombard, Illinois, Defendant is in the business of collecting consumer debts for others, including medical debts allegedly owed by Plaintiff.

8. Defendant is an Illinois corporation that is registered with the Indiana Secretary of State bearing business identification number 2007081300469.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its correspondences, Defendant identifies itself as a debt collector.

**FACTS SUPPORTING CAUSES OF ACTION**

11. Due to his slew of health problems, Plaintiff has incurred a large amount of medical debt owed to various healthcare providers that he has not been able to satisfy. As a result, he has

---

[1] http://www.miramedgs.com/about?id=16

received numerous calls and correspondences from various parties seeking payment on medical debt.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12.  Upon information and belief, many of Plaintiff's medical providers turned the collection of their debts over various third-party collection agencies, including Defendant.

13.  In an effort to establish what outstanding financial obligations he owed, Plaintiff pulled his credit report.  Included on the report was an entry with Defendant's name.  *See* Exhibit A.

14.  On May 12, 2016, Plaintiff called Defendant to get information as to why it was on his credit report.  During the call, Plaintiff spoke with a female representative of Defendant named Dineta.  She advised that the call was being recorded.  *Id.*

15.  Dineta informed that MiraMed was collecting on medical debt for Saint Margret Mercy in the amount of $3,494.44 ("subject consumer debt").  *Id.*

16.  Dineta went on to advise that Defendant would accept a settlement offer on the subject consumer debt for 20 percent off the balance, leaving a total of $2,769.00.  *Id.*

17.  At two different points during the call, Dineta stated to Plaintiff that the subject consumer debt might be forwarded to an attorney and referred for legal action if payment was not made.  *Id.*

18.  After Plaintiff's conversation with Defendant, he was alarmed over the references to legal action.  Based on this concern, Plaintiff called Defendant back a short time later to get clarity on what would happen to him if he could not pay the subject consumer debt.  *Id.*

19.  During the second call, Plaintiff was again connected with Dineta.  At no point during Plaintiff's second conversation with Dineta did she advised that Defendant was acting as a debt collector.  *Id.*

20.  Concerned over his conversations with Defendant, Plaintiff spoke with CLP.

3

21. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

22. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

23. Plaintiff has been unfairly misled and harassed by Defendant's collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

25. Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), and f during the first call with Plaintiff on May 12, 2016. During this call, Dineta stated that the balance of the subject consumer debt was $3,494.44 and that Defendant would settle for 20 percent off the balance. Dineta went on to represent that a 20 percent savings would bring the balance to $2,796.00. Examination of the figures presented by Dineta show that $2,796.00 is short of a 20 percent settlement by $.45 cents. While this discrepancy may not be large in comparison to the total balance, the conflicting information was significant enough for Plaintiff to question the validity of the offer.

26. Defendant was under no obligation to make any settlement offer to Plaintiff. However, once it elected to do so, the FDCPA imposes a duty on Defendant to make the statements

attached to the settlement offer accurate. Defendant could have just as easily stated that a 20 percent savings off the balance of the subject consumer debt was $2,795.55. In the same vein, Defendant could have offered a settlement discount of $2,796.00 without representing that it was a 20 percent discount.

27. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

28. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the second phone call with Plaintiff on May 12, 2016. During this call, Defendant did not advise Plaintiff that it was acting in the capacity of a debt collector with regards to the subject consumer debt. This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers.

29. As an experience and sophisticated debt collector, Defendant knows that it is required to make the above disclosure. Plaintiff asserts that Defendant routinely ignores these disclosures during its telephonic debt collection practices. Defendant gains an unfair advantage by failing to fully advise of its status as a debt collector, as consumers are more likely to pay an original creditor than a third-party. Although Defendant did make the required disclosure during the first conversation with Plaintiff, its failure to do so during the second call is a violation of law and indicative of its failure to comply with other requirements of the FDCA.

30. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

31. Defendant violated 15 U.S.C. §§1692d, e, e(5), and f through its debt collection actions during both phone calls with Plaintiff on May 12, 2016. During these calls, Dineta made multiple references to both legal action and attorney involvement if the subject consumer debt was not paid. Plaintiff alleges that neither Defendant nor Saint Margret Mercy had any intention of bringing a lawsuit at the time the statements were made.

32. The subject consumer debt was well over a year old when the legal action was threatened. Defendant had already been engaged in collection activity for many months without success. If either Defendant or Saint Margret Mercy had the intention of suing Plaintiff, they would have done so already. Additionally, Plaintiff is an unemployed individual with no assets that would be subject to seizure. Defendant knows that a judgment against Plaintiff would have little value.

33. As an experienced and sophisticated debt collector, Defendant understands that consumers are particularly sensitive to threats of legal action. While it is not a violation of the FDCPA to mention the possibility of a lawsuit, Defendant had no intention of acting on these threats. Dineta made multiple references to legal action in order to coerce Plaintiff into making payment on the subject consumer debt.

34. The above conduct by Defendant was misleading, harassing, and unfair. As plead in paragraphs 20 through 23, Plaintiff was harmed by Defendant's illegal collection actions.

6

WHEREFORE, Plaintiff, MICHAEL PAUL MATUSZCZAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 22, 2016                    Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com

7