**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MICHAEL PAUL MATUSZCZAK, | 2:16-cv-00183-PPS-PRC |
| Plaintiff, | |
| v. | Honorable Philip P. Simon |
| MIRAMED REVENUE GROUP, LLC, | Magistrate Judge<br>Honorable Paul Cherry |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Attorneys for Defendant(s)*
Nabil G. Foster
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Phone: (312) 704-3000
Fax: (312) 704-3001


*/s/ David S. Klain*
David S. Klain
One of the Attorneys for Plaintiff

## **TABLE OF CONTENTS**

**INTRODUCTION** ……………………………………………………………….….. 4

**STATEMENT OF FACTS** …………………………………………………………… 5

**LEGAL STANDARD** ………………………………………………………………....... 5

**ARGUMENT** …………………………………………….…………………………….. 6
..
**I.** **Plaintiff has suffered Injury Due to Defendants' Conduct and Therefore Has Standing to Bring the Instant Action**……………………………………….…… 6

**II.** **Defendant's statements in conjunction with its settlement offer to Plaintiff were material** ……………………………………………………………………....….… 7

**III.** **Defendant's statements regarding legal action were false and misleading because Defendant had no intention of taking such action** …………………………....… 8

**IV.** **Defendant's invocation of legal action amounted to a threat** …………………....… 9

**V.** **Extrinsic Evidence is not required because Defendant's statements were clearly false and misleading** ……………………………………………………………………. 9

**CONCLUSION** …………………………………………………………..………… 10

## **TABLE OF AUTHORITIES**

**Cases**

*Brummett v. Sinclair Broadcast Group, Inc.,*
    414 F.3d 686 ……………………………………………………………………….. 6

*Molino v. Bast Services, Inc.,*
    2011 WL 841891 ……………………………………………………………….…… 6

*O'Rourke v. Palisades Acquisition XVI, LLC,*
    635 F.3d 938 (7th Cir. 2011) ……………………………………………….……... 7

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 …………………………………………………………………… 6,7

*Sterk v. Redbox Automated Retail, LLC,*
    770 F.3d 618 (7th Cir. 2014) ……………………………………………………. 6

*Wahl v. Midland Credit Mgmt.,*
    446 F.3d 643 (7th Cir. 2009) ………………………………………………………….. 8

**Other Authorities**

Fed. R. Civ. P. 56(a) …………………………………………………………………….… 5

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MICHAEL PAUL MATUSZCZAK,<br><br>  Plaintiff,<br><br>v.<br><br>MIRAMED REVENUE GROUP, LLC,<br><br>  Defendant. | 2:16-cv-00183-PPS-PRC<br><br>Honorable Philip P. Simon<br><br><br>Magistrate Judge<br>Honorable Paul Cherry |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

NOW COMES Plaintiff MICHAEL PAUL MATUSZCZAK ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), submitting Plaintiff's Response to Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, and in support states as follows:

**INTRODUCTION**

Defendant has filed the instant Motion for Summary Judgment asserting that Plaintiff's claims of Defendant's impermissible collection activities are without merit. Plaintiff incurred a debt which was defaulted on and ultimately ended up with Defendant for collections. In an attempt to collect on the defaulted balance, Defendant provided false and misleading information with regards to the amount it would accept in order to settle Plaintiff's account and indiscriminately invoked potential legal action in order to get Plaintiff to pay off the debt when he had already made it clear he could not afford to do so at that time. Defendant's actions were false, misleading, material, and caused injury to Plaintiff. For the reasons stated below, Defendant's motion must be denied.

## STATEMENT OF FACTS

Plaintiff suffers from a multitude of health issues for which he regularly seeks medical treatment.  *See* Plaintiff's Complaint, ¶11 attached hereto as Exhibit A. Plaintiff's financial situation has caused him to not be able to satisfy some of his medical debts which have ultimately wound up in collections.  *See* Exhibit A, ¶12. In an effort to get a better understanding of his outstanding debt obligations in anticipation of filing for Social Security Disability benefits, Plaintiff pulled his credit report and saw an entry from Defendant.  *See* Exhibit A, ¶13. On or about May 12, 2016, Plaintiff called Defendant to inquire about the entry and was connected with Defendant's representative, Dineta.  *See* Exhibit A, ¶14. Dineta informed Plaintiff that he had an outstanding balance of $3,494.44 owed to Saint Margaret Mercy ("subject debt").  *See* Exhibit A, ¶15. Dineta offered to settle Plaintiff's account at a 20% discount for $2,769.00.  *See* Exhibit A, ¶16. Plaintiff informed Dineta that he could not make a payment at that time due to his current status related to Social Security Disability.  *See* Transcript of Call #1, attached hereto as Exhibit B. Dineta warned Plaintiff that the account might be forwarded to an attorney if the settlement offer was not accepted.  *See* Exhibit B.  After Plaintiff's conversation initial conversation with Dineta, he was concerned by her reference to potential legal action and called back a second time to speak with her and was relayed the same information.  *See* Transcript of Call #2, attached hereto as Exhibit C.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When making such a determination, the Court must construe the

evidence and make all reasonable inferences in favor of the non- moving party. *Molino v. Bast Services, Inc.,* 2011 WL 841891 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 317, 322 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.,* 414 F.3d 686, 692 (7th Cir. 2005).

## ARGUMENT

### I.     Plaintiff has suffered Injury Due to Defendants' Conduct and Therefore Has Standing to Bring the Instant Action

In its Motion for Summary Judgment, Defendant challenges Plaintiff's standing to bring the instant action. In support of its position, Defendant points to the recent ruling from the Supreme Court, *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (U.S. May 16, 2016). However, Defendant fails to point-out that in *Spokeo* the Court pointed to "intangible injuries" and "the risk of real harm" as bases for standing. *Spokeo* at 1549. The Supreme Court specifically noted that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Spokeo* at 1549.

The Seventh Circuit's primary opinion on concreteness, *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014), foretold the principles set forth in the *Spokeo* opinion nearly two years before that opinion was issued. The *Sterk* court similarly deferred to Congressional judgment, recognizing that "Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Sterk* at 623. As in *Spokeo*, the *Sterk* court did not give Congress a blank check, acknowledging that "Congress may not lower the threshold for standing below the minimum requirements imposed by the Constitution." *Id.* In the case before the *Sterk* court, as

in the case here, Congress created the right based on its evaluation of the risk of harm that would arise from violation. *Id*

Both the Seventh Circuit and the Supreme Court have shunned financial harm as the sole means of determining standing. The *Spokeo* Court instead points to "intangible injuries" and "the risk of real harm" as bases for standing. *Spokeo* at 1549. Here, Plaintiff was presented with false and misleading information from a third-party that he had no prior relationship with. Additionally, Defendant needlessly invoked legal action which it had no intention of taking in order to get Plaintiff to accept an offer it knew he could not afford. Were Plaintiff to have acquiesced to Defendant's impermissible actions, he would have been subjected to the risk of real harm due to his financial situation.

## II.     Defendant's statements in conjunction with its settlement offer to Plaintiff were material.

A false or misleading statement is material if it has the ability to influence a consumer's decision. *O'Rourke v. Palisades Acquisition XVI, LLC,* 635 F.3d 938, 942 (7th Cir. 2011). As discussed in the introduction, Plaintiff and Defendant had no prior business relationship. To Plaintiff, Defendant was an unknown party seeking money from him. As such, Plaintiff was already in a dubious position in relationship to Defendant. Defendant's misstatement only served to further Plaintiff's questioning of how to properly handle the collection activity he was experiencing. Being presented with false information by a party he already questioned caused Plaintiff to consult with attorneys regarding his rights.

Defendant focuses on the amount at issue ($.45) to show immateriality. However, that misses the point entirely. Plaintiff took the affirmative action of calling Defendant in order to get a handle on his finances in anticipation of filing for Social Security Disability benefits. His intention was to get his financial obligations in order so that he could start to remedy them once

he secured income through the Social Security Administration. By providing false and misleading information, regardless of how nominal the amount, Defendant made that task harder for Plaintiff and caused his to question Defendant's intention to work with him to resolve his debt. Defendant points to the fact that Plaintiff did not ask for clarification at the time the offer was made, but he was not calculating numbers in real- time on the call as his intention was simply to obtain his obligations and potential settlement options available to him. He trusted that the information provided to him was accurate. It was only later, while processing the information that he discovered the discrepancy.

Defendant cites to *Wahl v. Midland Credit Mgmt.,* 446 F.3d, 643 at 646 (7th Cir. 2009) for the preposition that "while the FDCPA is a strict liability statue…the state of mind of the reasonable debtor is always relevant." Plaintiff agrees with this point. A reasonable debtor who is told *explicitly* that she would be receiving a 20% discount should expect the same. It is no leap at all for an unsophisticated consumer to be concerned that one false statement would breed another.

### III. Defendant's statements regarding legal action were false and misleading because Defendant had no intention of taking such action.

Defendant posits that its statements regarding legal action were not false and misleading because in the past, its client has given it authority to place accounts with attorneys for suit when non- legal efforts have failed. However, this argument is a non sequitur. Past actions by Defendant do not prove its intention in this instance. The facts are that the subject debt was well over a year old. Plaintiff voluntarily contacted Defendant showing an intention to resolve the subject debt. Defendant was aware that Plaintiff had no income and no assets and was in the process of applying for Social Security Disability benefits. It was clear that there would be nothing to gain by filing suit against Plaintiff. It would have been more beneficial to set up an

arrangement whereby Defendant would track the status of Plaintiff's Social Security Disability claim so that when he did secure income, Plaintiff and Defendant could work to resolve the subject debt. By invoking legal action, Defendant's sole intention was to scare Plaintiff into accepting the settlement offer even though he could not afford to do so.

### IV.     Defendant's invocation of legal action amounted to a threat.

Plaintiff made clear to Defendant that he could not make a payment on the subject debt in the May 12, 2016 call. In that context, Defendant's immediate invocation of the potential for legal action amounted to a threat. It was known to Defendant that Plaintiff would be making no payment on the subject debt during the May 12, 2016 call due to his financial situation. The only logical reason for invoking legal action at that point was to illicit immediate action, in this case, getting Plaintiff to accept the settlement offer. Plaintiff's understanding was that his failure to pay the subject debt was going to result in legal action against him, and reading the transcript of the conversation with Defendant's representative in context, it is clear that was the intention to give off. Threats can take the form of passive and active language. In this case, Dineta's passive tone had the same net effect than if she said explicitly "you will be sued." The difference is, regardless of her tone, there was simply no intention to take the action, just to try to illicit an immediate response by Plaintiff.

### V.     Extrinsic Evidence is not required because Defendant's statements were clearly false and misleading.

Plaintiff concedes the Seventh Circuit's stance on extrinsic evidence in the case of deceptive, misleading or confusing statements when it is unclear whether said statements would mislead an unsophisticated consumer. However, Plaintiff contends that the statements made by Defendant in the instant case are clearly misleading and as such, do not require extrinsic evidence. Numbers don't lie. There is no dispute that 20% off of $3,494.44 is $2,795.55, not

$2,796.00. Defendant chalks it up to a matter of adjusting to a round number, but to an unsophisticated consumer with limited or no income, it's clearly an attempt to collect an additional $.45. That may mean nothing to a company with the financial resources of Defendant, but to an unsophisticated consumer, who is already skeptical in its dealings with a debt collector, it is a blatant deception.

In regards to Defendant's threat of legal action, there is no requirement that Plaintiff show through extrinsic evidence that Defendant's statements were misleading because the allegation is that Defendant had no intention of taking such action. The record is clear on that point as Defendant was aware such actions against Plaintiff would be fruitless and the statement was only meant to illicit an immediate reaction.

## CONCLUSION

Defendant's Motion should be denied because it failed to meet the high burden to achieve the extreme remedy of Summary Judgment. As stated above, there are multiple issues of material fact regarding Defendant's liability and Plaintiff's damages that must be left for a finder of fact to determine.

WHEREFORE, Plaintiff MICHAEL PAUL MATUSZCZAK respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment.

Respectfully Submitted,

/s/: David S. Klain
Attorney for Plaintiff


David S. Klain, Esq.
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609

Chicago, IL 60611
P: (267)422-1000
F: (267) 422-2000
davidklain@aol.com

## CERTIFICATE OF SERVICE

     I, David S. Klain, an attorney, certify that on June 26, 2017, I caused the foregoing **Plaintiff's Response to Defendant's Motion for Summary Judgment** to be served upon the Defendant, Miramed Revenue Group, LLC, via this Court's electronic notification system, CM/ECF.

                                    /s/ David S. Klain
                                    David S. Klain, Esq. #66305
                                    Counsel for Plaintiff
                                    Admitted in the Northern District of Indiana
                                    Consumer Law Partners, LLC
                                    435 N. Michigan Ave., Suite 1609
                                    Chicago, Illinois 60611
                                    (267) 422-1000 (phone)
                                    (267) 422-2000 (fax)